UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 11-141(4) (PAM/SER)

                Plaintiff,

v.                                                                              **ORDER**

James Nathan Fry,

                Defendant.

---

This matter is before the Court on the parties' motions.

First, the Government filed a Motion for Final Order of Forfeiture. (Docket No. 538.) On June 23, 2017, the Court granted the Government's motion for a preliminary order of forfeiture and directed Defendant James Nathan Fry to forfeit $134,734.72 in unclaimed funds. (Docket No. 521.) Beginning on August 16, 2017, the Government posted a notice of criminal forfeiture for at least 30 consecutive days on an official government internet site (www.forfeiture.gov), providing notice of the right of third parties to petition the Court within 60 days of the first date of posting for a hearing to adjudicate the validity of their alleged legal interest in the unclaimed funds. No petitions were filed with the Clerk of Court and the time for filing a petition has expired. The Court thus grants the Government's Motion.

Next, Fry moved to vacate his convictions under a Rule 52(b) motion to correct error. But the plain-error standard under Fed. R. Crim. P. 52(b) is "intended for use on

direct appeal . . . [and] is out of place when a prisoner launches a collateral attack against a criminal conviction." United States v. Frady, 456 U.S. 152, 164 (1982).

Even if the Court treats this motion a § 2255 motion to vacate his sentence, Fry's argument fails. He argues that he must have been subjected to unfair prejudice because the Eighth Circuit Court of Appeals—and apparently the jury—concluded that he was sentenced in connection with the Thomas Petters Ponzi scheme, but the federal prosecutor stated that Fry was not charged with participating in the Petters Ponzi scheme. See United States v. Fry, 792 F.3d 884 (8th Cir. 2015). Fry's argument is meritless. In challenging his sentence on direct appeal, Fry compared his sentence to "similarly situated" defendants in the Petters Ponzi scheme. Id. at 889. Additionally, Fry fails to identify any specific error during his trial. See Quinn v. United States, 499 F.2d 794, 795 (8th Cir. 1974) (stating that the inquiry on a collateral attack "is whether the claimed error was a fundamental defect which inherently results in a complete miscarriage of justice") (quotation omitted). A conclusory statement that his trial must not have been fair is insufficient. Fry's Motion is denied.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Government's Motion for Final Order of Forfeiture (Docket No. 538) is **GRANTED**;

2. All right, title, and interest in the $134,734.72 in unclaimed funds is hereby forfeited to and vested in the United States of America pursuant to 21 U.S.C. § 853(n)(7); and

3. Defendant's Pro Se Motion to Correct Clear Error (Docket No. 540) is **DENIED**.

Dated: <u>March 28, 2018</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge