UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 11-141(4) (PAM/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| James Nathan Fry, | |
| Defendant. | |

This matter is before the Court on Defendant James Fry's Motion to modify his sentence under the First Step Act. On June 12, 2013, a jury found Fry guilty of five counts of securities fraud, in violation of 15 U.S.C. §§ 77q(a) and 77x, four counts of wire fraud, in violation of 18 U.S.C. § 1343, and three counts of making false statements to the Securities and Exchange Commission, in violation of 18 U.S.C. § 1001, for his significant role in the largest fraud scheme in Minnesota history. On October 9, 2013, Judge Richard H. Kyle sentenced Fry to 210 months in prison. He is scheduled to complete his sentence on October 31, 2027. Fry claims that the current COVID-19 pandemic constitutes an extraordinary circumstance that calls for the Court releasing him to home confinement.

Fry argues that he is at a heightened risk to contract COVID-19 because he is 66-years old, obese, and has heart disease and high blood pressure. He alleges that the Bureau of Prisons is not adequately responding to the pandemic, and implies that the minimum-security satellite camp at FCI Englewood would not properly care for him, should he contract COVID-19.

The Government opposes Fry's Motion, arguing that because he has not exhausted administrative remedies in the facility, this Court is without jurisdiction to entertain the Motion. The First Step Act appears to provide that Courts may not review a prisoner's claim that is not first presented to the Bureau of Prisons, as the Government argues. 18 U.S.C. § 3582(c)(1)(A). But the Court can envision circumstances, including those the current COVID-19 pandemic raises, that may warrant waiving this 30-day exhaustion requirement—a gravely ill inmate, for example, or an immuno-suppressed individual at a facility with unchecked COVID-19 infections. Thus, it is not appropriate in the context of the instant Motion for the Court to determine that it lacks jurisdiction over all unexhausted COVID-19 claims.

Fry's Motion, however, does not present such an extenuating circumstance. Indeed, he offers no "extraordinary and compelling reasons" why he should be released. Id. § 3582(c)(1)(A)(i). Fry has not shown that his medical condition "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A).

To merit such compassionate release, Fry must show more than a mere speculation of the possibility of contracting the virus. See United States v. Hamilton, No. 19cr54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020) (finding that the COVID-19 pandemic did not constitute "a sufficiently compelling reason to justify release under [§ 3142(i)]" despite detainee's high risk for infection because "there have been no reported incidents of COVID-19 [at his facility] and [BOP] is taking system-wide precautions to mitigate the possibility of infection within its facilities.") There are no verified incidents of COVID-

19 at Fry's facility. Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/index.jsp (last accessed April 21, 2020). His unsubstantiated fears regarding COVID-19 are simply insufficient to warrant the extraordinary relief he requests.

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion for Modifying/Reducing Sentence (Docket No. 595) is **DENIED**.

Date: April 21, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
